UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DYLAN REED SINN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-128-JMS-DKL |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Dylan Reed Sinn for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 13-12-0473 in which he was found guilty of possession of an intoxicant. For the reasons explained in this Entry, Mr. Sinn's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On December 24, 2013, Officer Lustro at the Putnamville Correctional Facility wrote a Report of Conduct ("conduct report") in case number ISF13-12-0473 charging Mr. Sinn with possession of an intoxicant. The conduct report provides as follows:

> I c/o Lustro #89 on 12-24-13 approximately 0120 AM was doing a routine walk thru of dorm 16C, I observed Dylan Sinn doc #123644 in the back of cube 4 with his hands in a property box. When [I] walked to the back of the cube to find out what he was doing in the property box, I observed a large amount of hooch in the property box offender Sinn #123644 had his hands in. When I attempted to confiscate the property box offender Sinn #123644 then put his foot in front of the box not allowing me to take it. The offender was notified of this C.A.B. and identified by his state issued I.D.

A Notice of Confiscated Property and a photograph of the property box and prison-made alcohol were attached to the conduct report.

On December 30, 2013, Mr. Sinn was notified of the charge of possession of an intoxicant and served with the conduct report and the Notice of Disciplinary Hearing ("screening report"). The screening officer notified Mr. Sinn of his rights.

Mr. Sinn pled not guilty and requested 24-hours' notice of his hearing. He exercised his right to have a lay advocate, to call witnesses, and to request physical evidence. Mr. Sinn requested that Pfeiffer be his lay advocate and that offenders M. Kurtz and J. Shake be witnesses at the hearing, all of which was granted. Mr. Sinn also requested video of the property box in 16SC cube 4.

A disciplinary hearing was conducted on January 2, 2014, during which Mr. Sinn stated that "[h]e took the hooch from someone else, we were messing with about it, he got mad [and] took my ID [and] wrote me up." The hearing officer considered the staff report, statement of the offender, evidence from witnesses, and the video physical evidence, and determined that Mr. Sinn

was guilty of possession of an intoxicant, or attempted possession, which is a lesser included offense. The following sanctions were imposed: a written reprimand to not attempt to possess intoxicants and a 30-day deprivation of earned credit time.

Mr. Sinn's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III. Analysis

Mr. Sinn's claims for habeas relief are that: 1) there was no evidence supporting the hearing officer's decision; and 2) he was denied an opportunity to review video footage for his defense.

Mr. Sinn states that another offender told him to look inside the offender's property box. Mr. Sinn saw that there was prison alcohol inside the box, but it was not his. He argues that the evidence is not sufficient to support a lesser included charge of an attempt to possess intoxicants.[1] In this case, the conduct report established that the charging officer witnessed Mr. Sinn with his hands in the property box. The conduct report states that when the officer attempted to confiscate the property box Mr. Sinn put his foot in front of the box in an effort to stop the officer. Mr. Sinn admits that he "messed with" the officer. Even though Mr. Sinn did not make the alcohol, he exercised some control over it by trying to prevent the officer from taking it. He also had access to the alcohol, which is sufficient to support the charge of possession or attempted possession. *See Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992) (discussing constructive possession of contraband when more than one inmate has access to it).

---

[1] To the extent Mr. Sinn now argues that his due process rights were violated when the charge was modified at the hearing, he did not raise this claim on appeal and therefore it is procedurally defaulted here. In any event, there was no due process violation when the charge was modified to "attempted." *See Northern v. Hanks,* 326 F.3d 909, 911 (7th Cir. 2003) (no due process violation when prison disciplinary reviewing authority modified charge to attempted trafficking where the offender had notice of factual basis for the modified charge).

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the hearing officer acknowledged that offender Shake admitted to owning the alcohol, but the evidence was still sufficient to support a finding that Mr. Sinn attempted to possess the alcohol.

Next Mr. Sinn argues that he was denied video evidence. The hearing officer noted, however, that the video was inconclusive because of "darkness [and] fencing." Therefore, no video evidence was used against Mr. Sinn. These circumstances did not violate his due process rights.

Mr. Sinn was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Sinn's due process rights.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Sinn's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: September 25, 2015

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Dylan Reed Sinn
DOC # 123644
New Castle Correctional Annex
Inmate Mail/Parcels
1000 Van Nuys Rd.
New Castle, IN  47362

Electronically registered counsel